**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Chapter 11 |
| Park Supply of America, Inc., | Case No. 22-40003 |
| Debtor. | |

**OBJECTION TO CONFIRMATION OF SUBCHAPTER 5 PLAN OF REORGANIZATION**

DCR Mortgage 10 Sub 2, LLC ("DCR"), secured creditor of Park Supply of America, Inc. (the "Debtor"), objects to confirmation of the Debtor's Subchapter 5 Plan of Reorganization [Dkt. 54] (the "Plan"), as follows:

1. The Plan does not comply with 11 U.S.C. §1129(a)(7)(A)(ii). Under the Plan, DCR as the Class 1-A creditor, will not receive on account of its claims "property of a value, as of the effective date of the plan, that is not less than the amount such holder would so receive or retain if the debtor liquidated under chapter 7." The proposed Class 1-A secured claim of $1,100,000.00 is significantly less than the value of the collateral securing the claim.

2. The Plan does not comply with 11 U.S.C. §1129(b)(1). The Plan proposes to pay DCR's Class 1-A secured claim only at a rate of 5.5%. The applicable contract rate is 9.15%. The proposed rate is not "fair and equitable."

3. The Plan does not comply with 11 U.S.C. §1129(b)(1). The Plan proposes to enjoin "the continuation of any judicial proceeding now pending, commencement of a judicial proceeding, enforcement of any judgment, or any other attempt to collect, against third-party guarantors of the Debtor based on a pre-petition debt of the Debtor." The claim of DCR against Debtor was personally guaranteed by Bradley Parkhill, an owner of the Debtor (the "Guarantor"). Litigation to enforce the guaranty has been pending in the Hennepin County

District Court since September 3, 2021 and an order for judgment against the Guarantor was entered on May 16, 2022.  The Plan does not satisfy the requirements articulated in *In re Archdiocese of St. Paul & Minneapolis,* 578 B.R. 823 (Bankr. D. Minn. 2017) to enjoin a nonconsenting creditor's claims against a nondebtor.  The foremost defect is the failure of the beneficiary (the Guarantor) of the injunction provision to make any contribution of assets towards the reorganization.  Moreover, DCR has voted to reject the Plan.

4. For the above reasons, the Debtor cannot confirm the Plan and DCR asks the Court to deny confirmation of the Plan.  If testimony is required, pursuant to Local Rule 9013-2(c), DCR hereby gives notice that it may call the following individuals to provide testimony regarding the facts alleged herein and the value of the Debtor's assets securing DCR's claim:

   a. Thomas Bulls, CFA, Asset Manager, Directed Capital, 150 Second Avenue North, Suite 1600, St. Petersburg, FL 33701.

   b. Michael P. McGinn, Managing Director - Portfolio Management, Directed Capital, 150 Second Avenue North, Suite 1600, St. Petersburg, FL 33701.

   c. Any of the individuals identified by the Debtor in its Plan and Motion for Use of Cash Collateral, including James Dada and Christopher Tomas.

Dated:  July 11, 2022.

                                            GODFREY & KAHN, S.C.

                                            By:    */s/ Erin A. West*
                                                     Erin A. West (MN #0392765)
                                            GODFREY & KAHN, S.C.
                                            One East Main Street, Suite 500
                                            Madison, WI 53703-3300
                                            Telephone: 608 284-2277
                                            Facsimile: 608-257-0609
                                            E-mail: ewest@gklaw.com

                                            *Attorneys for DCR Mortgage 10 Sub 2, LLC*

27460810.1